UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**MOHAMMAD BABAR,**

      Plaintiff,

  v.

**SCREENING REPORTS, INC.,**

      Defendant.

Civ. No. 2:14-1310 (WJM)

**OPINION**

## WILLIAM J. MARTINI, U.S.D.J.:

    This Fair Credit Reporting Act ("FCRA") matter comes before the Court on an unopposed motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the motion is **GRANTED**.

    Plaintiff Mohammad Babar alleges that two apartment buildings rejected his rental applications based on an "eviction record match" in a credit report ("the Report") furnished by Defendant Screening Reports, Inc. ("Screening"). Compl. ¶¶ 9, 17, ECF No. 1-1. Babar admits that he was involved in a landlord/tenant action that was dismissed without prejudice, but he maintains that he was never evicted. *Id.* ¶¶ 7-8, 12. Babar represents that Screening refused to correct the Report after he informed Screening that he had never been evicted. *Id.* ¶¶ 15-16.

    In the instant suit, Babar seeks to recover against Screening for a willful violation of 15 U.S.C. § 1681e(b) ("Section 1681e(b)"), which provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." To prove a willful violation of Section 1681e(b), Babar must establish, among other things, that the Report was inaccurate. *Cortex v. Trans Union, LLC*, 617 F.3d 668, 708, 721 (3d Cir. 2010); *see also Eller v. Trans Union, LLC*, 739 F.3d 467, 473 (10th Cir. 2013) (recognizing that plaintiffs must prove the inaccuracy of a credit report to state a claim under Section 1681e(b)).

    Screening now moves pursuant to Rule 12(c) for judgment on the pleadings, arguing that it cannot be liable under 15 U.S.C. § 1681e(b) because it provided an accurate report. Having reviewed the actual Report, which Screening attached to

its answer, *see Leone v. Twp. of Deptford*, No. 8-1043, 2009 WL 2878537, at *4 (D.N.J. Sept. 3, 2009) (recognizing that courts are free to consider documents attached to the pleadings for purposes of a Rule 12(c) motion), the Court finds that judgment on the pleadings is warranted.

The Report begins with a brief checklist with the heading "Decision Detail." Ans., Ex. A, ECF No. 5-1.  One of the items on the checklist is "No evictions filed within 84 months."  There is a large "X" next to this entry.  Accordingly, the Report indicates that evictions were filed against Babar within the last 84 months. Later on, the Report has a section called "Eviction Records," which contains a single entry: "Empire Prop."  Beneath the words "Empire Prop," the Report contains the following caption: "DSM W/O PR 1-5-12."  *Id.*  With this caption, the Report clarifies that while an eviction proceeding was filed against Babar, it was dismissed without prejudice.  Babar admits in the Complaint that his "landlord/tenant action" was dismissed without prejudice.  As such, the Report was accurate.  Because the Report was accurate, Babar has failed to establish a violation of Section 1681e(b), and the Court will **DISMISS** the Complaint **WITH PREJUDICE**.

                                                    /s/ William J. Martini  
                                          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 21, 2014**

"A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse [ ]' effect." *Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (quoting *Sepulvado v. CSC Credit Servs.,* 158 F.3d 890, 895 (5th Cir. 1998)).